IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| HILMER SCHOENBAUM, on behalf of himself and all others similarly situated | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 09-mc-9006-W-HFS |
| E.I. DUPONT DE NEMOURS AND COMPANY, PIONEER HI-BRED INTERNATIONAL, INC., and MONSANTO COMPANY, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This is a proceeding to quash a deposition subpoena directed to a Western District attorney who has represented one of the plaintiffs in a class action proceeding pending in the Eastern District before Judge Webber.

Plaintiff previously filed a bankruptcy proceeding which failed to list the contingent claim asserted here. On deposition, plaintiff testified that he had disclosed the possible claim to his lawyer, the prospective deponent, and that the decision not to list the claim must have been made by the lawyer.

The motion to quash alleges that deposing an attorney is unduly burdensome, will likely involve privileged matter, and that any unprivileged information could be developed without deposition.

In the meantime, a motion has been filed on plaintiff's behalf to reopen the bankruptcy case

and list the claim. The motion has been granted. It seems possible that the issues to be covered in deposition would be mooted, but the parties do not so advise.

In the interest of expediting and simplifying proceedings, I will state what seems fairly obvious: (1) discussions between plaintiff and his attorney concerning the merits of the claim would be privileged, (2) whether the bankruptcy attorney can confirm or deny the testimony previously given by plaintiff could be covered by deposition, because this skeletonized aspect of the privilege has been waived, and (3) the motion to quash should be denied, but only insofar as questions essentially replicate the ones answered by plaintiff on his deposition.

It is therefore ORDERED that the motion to quash (ECF doc. 1) is DENIED, to the extent explained here, and defendants' claim for allowance of expenses is DENIED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

May  19 , 2009

Kansas City, Missouri